IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**BROOKS GOPLIN**,
individually and on behalf
of all others similarly situated,

      Plaintiff,

                 Case No. 17-cv-773

  vs.

**WECONNECT, INC.**
1085 Parkview Road, Suite B
Green Bay, WI 54304-5616

      Defendant.

## COLLECTIVE AND CLASS ACTION COMPLAINT

### PRELIMINARY STATEMENT

1. This is a collective and class action brought by Individual and Representative Plaintiff, Brooks Goplin ("Plaintiff" or "Goplin"), on his own behalf and on behalf of the members of the proposed classes identified below. Goplin and members of the putative classes were employed by WeConnect, Inc. ("Defendant" or "WeConnect") as a Satellite/Cable Technician (also known as a Home Entertainment Specialist). The job duties of Goplin and members of the putative classes involved driving to client sites to perform installations of WeConnect products. Goplin and members of the putative classes were not paid all wages earned for the work they performed. WeConnect failed to compensate Goplin and members of the putative classes for time spent performing work at the beginning of their shifts and traveling

to work sites after performing those tasks. In addition, WeConnect managers altered time records in order to avoid paying Goplin and members of the putative classes overtime wages for hours worked in excess of 40 in a workweek.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

3. Venue is proper in the United States District Court for the Western District of Wisconsin because Plaintiff resides in and performed work in this district out of Defendant's Madison location, and because events giving rise to these claims occurred in this district.

## PARTIES

4. Plaintiff, Brooks Goplin, is an adult resident of Gays Mills, Wisconsin. Plaintiff was employed by WeConnect as a Home Entertainment Specialist from February to September 2017. Plaintiff has consented in writing to assert claims for unpaid overtime wages under the FLSA. His consent form is filed as Exhibit A.

5. Plaintiff was an "employee" of Defendant within the meaning of 29 U.S.C. § 203(e)(1).

6. Defendant, WeConnect, Inc., is a domestic business with its principal office at 1085 Parkview Road, Suite B, Green Bay, Wisconsin. Its registered agent is Attorney Brick N. Murphy, 231 South Adams Street, Green Bay, Wisconsin.

7. Defendant is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

8. Defendant is an "employer" within the meaning of 29 U.S.C. § 203(d).

## FACTUAL ALLEGATIONS

9. Throughout the three years preceding the filing of this Complaint, Plaintiff and the putative class members are or were employed by Defendant as Satellite/Cable Technicians or "Home Entertainment Specialists."

10. Throughout the three years preceding the filing of this Complaint, Plaintiff and the putative class members were classified by Defendant as non-exempt from overtime wages.

11. Throughout the three years preceding the filing of this Complaint, Defendant failed to compensate Plaintiff and the putative class members for time spent performing tasks that were integral and indispensable to their primary duty, such as loading and unloading inventory from work vehicles, traveling to meet with other Home Entertainment Specialists to exchange supplies, and performing vehicle maintenance.

12. Throughout the three years preceding the filing of this Complaint, Defendant failed to compensate Plaintiff and the putative class members for travel all in a day's work, when Home Entertainment Specialists were traveling between job sites and/or after performing tasks integral and indispensable to their primary duty.

13. Throughout the three years preceding the filing of this Complaint, upon information and belief, Defendant altered the time records of Plaintiff and the putative class members to reduce recorded hours, depriving them of earned regular and overtime wages.

14. Plaintiff brings this action on behalf of himself and on behalf of other similarly-situated employees pursuant to 29 U.S.C. § 216(b). The **Collective Class** of similarly-situated employees is defined as:

> All persons who have been or are employed by WeConnect, Inc. as Satellite/Cable Installers (also called Home Entertainment Specialists) at any time during the past three years.

15. Plaintiff brings this action on behalf of himself and the **Wisconsin Unpaid Wage Class** pursuant to Fed. R. Civ. P. 23. The **Wisconsin Unpaid Wage Class** is defined as:

> All persons who have been or are employed by WeConnect, Inc. as Satellite/Cable Installers (also called Home Entertainment Specialists) in the state of Wisconsin at any time during the past two years.

## CLASS ALLEGATIONS

16. Plaintiff brings the Second Claim for Relief on his own behalf and on behalf of the Wisconsin Unpaid Wage Class, as defined in paragraph 14, supra, pursuant to Fed. R. Civ. P. 23(a) and 23(b).

17. The persons in the Wisconsin Unpaid Wage Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of

such persons is unknown, upon information and belief, Defendant has employed more than 40 people who satisfy the definition of this Class.

18. There are questions of law and fact common to the Wisconsin Unpaid Wage Class that are capable of class-wide resolution and the determination of which will resolve any issues central to the validity of the class claims, including, but not limited to:

    (a) Whether tasks such as loading and unloading inventory from work vehicles, traveling to meet with other Home Entertainment Specialists to exchange supplies, and performing vehicle maintenance are "hours worked" within the meaning of Wis. Admin. Code § DWD 272.12;

    (b) Whether WeConnect maintained a common practice and policy of altering the time records of Home Entertainment Specialists to avoid paying overtime wages;

    (c) Whether Goplin and members of the Wisconsin Unpaid Wage Class were deprived of overtime compensation in violation of and within the meaning of Wisconsin Statute § 103.03 and Wisconsin Administrative Code § DWD 274.03; and

    (d) The proper measure of damages sustained by the Wisconsin Unpaid Wage Class.

19. Goplin's claims are typical of those of the Wisconsin Unpaid Wage Class. Goplin was subject to Defendant's policy and practice of altering his time records to avoid paying earned regular and overtime wages, and was not compensated for hours spent performing tasks integral and indispensable to his job. Goplin's job duties were typical of those of members of the Wisconsin Unpaid Wage Class.

20. Goplin will fairly and adequately protect the interests of the Wisconsin Unpaid Wage Class and has retained counsel experienced in complex wage and hour litigation.

21. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, especially in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large and corporate defendant, particularly those with relatively small claims.

22. Class certification for the Second Claim for Relief is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Wisconsin Unpaid Wage Class predominate over any questions affecting only individual members of the Wisconsin Unpaid Wage Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices denied the Wisconsin Unpaid Wage Class the wages for work performed to which they are entitled. The damages suffered by the individual members of the Wisconsin Unpaid Wage Class are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's pay practices.

23. Plaintiff intends to send notice to all members of the Wisconsin Unpaid Wage Class to the extent required by Fed. R. Civ. P. 23.

## FIRST CLAIM FOR RELIEF:
### FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

24.     Plaintiff, individually and on behalf of the Collective Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

25.     The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one-and-one-half times their regular rate of pay for work performed in excess of 40 hours per workweek.

26.     During the applicable statute of limitations, Goplin and members of the Collective Class performed work in excess of 40 hours per week without receiving overtime compensation.

27.     These practices violate the FLSA, including, but not limited to, 29 U.S.C. § 207. Because of these violations, Goplin and members of the Collective Class have suffered a wage loss.

28.     Defendant knew or showed reckless disregard for the fact that it failed to pay Goplin and members of the Collective Class overtime compensation in violation of the FLSA.

## SECOND CLAIM FOR RELIEF:
### FAILURE TO PAY REGULAR AND OVERTIME WAGES IN VIOLATION OF WISCONSIN LAW

29.     Plaintiff, individually and on behalf of the Wisconsin Unpaid Wage Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

30.     The foregoing conduct, as alleged, violates Wis. Stat. § 109.03.

31. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of Wis. Stat. §§ 103.001(6) and 109.01(2).

32. At all relevant times, Plaintiff and members of the putative Unpaid Wage Class were Defendant's employees within the meaning of Wis. Stat. §§ 103.001(5) and 109.01(1r).

33. Wis. Stat. § 109.03(1) requires an employer to pay employees earned wages for hours worked, as defined by Wis. Admin. Code § DWD 272.12.

34. Wis. Stat. § 103.02 and Wis. Admin. Code § DWD 274.03 require an employer to pay overtime compensation to all non-exempt employees.

35. Goplin and members of the putative Wisconsin Unpaid Wage Class are not exempt from overtime pay requirements under Wisconsin law.

36. At all relevant times, Defendant has had a policy and practice of failing and refusing to pay Goplin and members of the putative Wisconsin Unpaid Wage Class earned regular wages and wages for their hours worked in excess of 40 hours per workweek.

37. As a result of Defendant's willful failure to pay regular and overtime wages earned and due to Plaintiff and members of the putative Wisconsin Unpaid Wage Class, Defendant has violated Wis. Stat. § 109.03.

38. Plaintiff, on behalf of himself and members of the Wisconsin Unpaid Wage Class, seeks recovery of attorneys' fees, costs, and expenses of this action to be paid by Defendant, as provided by Wis. Stat. § 109.03(6).

39.     Plaintiff, on behalf of himself and members of the putative Wisconsin Unpaid Wage Class, seeks damages in the amount of the unpaid regular and overtime wages earned and due as provided by Wis. Stat. § 109.03, Wis. Stat. § 103.02, and Wis. Admin. Code § DWD 274.03, and any penalties due under Wis. Stat. § 109.11 as well as such other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems just and proper.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, Brooks Goplin, on behalf of himself and all members of the Collective Class and the Wisconsin Unpaid Wage Class, requests the following relief:

A.     An order designating this action as a collective action on behalf of the Collective Class and directing issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly-situated individuals;

B.     An order certifying this action as a class action on behalf of the proposed Wisconsin Unpaid Wage Class;

C.     An order designating Goplin as the Named Plaintiff and as a representative of the Wisconsin Unpaid Wage Class;

D.     Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

E.     An order finding that WeConnect violated the FLSA and Wisconsin wage and hour law;

F.     An order finding that these violations were willful;

G. Judgment against WeConnect in the amount equal to the Plaintiff's and the Collective Class's unpaid back wages at the applicable overtime rate;

H. Judgment against WeConnect in the amount equal to the Plaintiff's and the Wisconsin Unpaid Wage Class's unpaid back wages at the applicable regular and overtime rates;

I. An award in the amount of all liquidated damages and penalties as provided under Wisconsin Law and the FLSA;

J. An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims;

K. Leave to amend the Complaint to add additional claims; and

L. Such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Respectfully submitted this 10th day of October, 2017.

        Attorneys for the Plaintiff

        By:   */s/David C. Zoeller*
        **HAWKS QUINDEL, S.C.**
        David C. Zoeller, State Bar No. 1052017
        Email: dzoeller@hq-law.com
        Caitlin M. Madden, State Bar No. 1089238
        Email: cmadden@hq-law.com
        Post Office Box 2155
        Madison, Wisconsin 53701-2155
        Telephone: (608) 257-0040
        Facsimile: (608) 256-0236