IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BROOKS GOPLIN,

                       Plaintiff,

    v.

WECONNECT, INC.,

                       Defendant.

OPINION & ORDER

17-cv-773-jdp

---

Plaintiff Brooks Goplin was a satellite/cable technician for defendant WeConnect, Inc. In this proposed class action, Goplin contends that WeConnect failed to pay him for some of the time he spent working and altered his time records to deprive him of regular and overtime wages, in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–19, and Wisconsin wage and hour laws. Dkt. 1. WeConnect moves to dismiss the case in favor of arbitration pursuant to an arbitration agreement or to stay the case pending the U.S. Supreme Court's decision in *Epic Systems Corp. v. Lewis*. Dkt. 7. Because WeConnect has not shown that it can enforce the agreement and because the concerted action waiver in the agreement is unenforceable, rendering this action exempt from arbitration under the terms of the agreement, the court will deny WeConnect's motion to dismiss or stay the case.

## BACKGROUND

When deciding a motion to dismiss under Rule 12(b)(3), the court may consider the allegations of complaint and information submitted by affidavits. *See Continental Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 733 (7th Cir. 2005). The court will accept as true the allegations in the complaint unless they are contradicted by affidavits. *See Faulkenberg v. CB Tax*

*Franchise Sys., LP*, 637 F.3d 801, 806 (7th Cir. 2011). The court resolves all factual disputes and draws all reasonable inferences in the plaintiff's favor. *Id.* Here, the relevant facts are undisputed.

WeConnect is a business that "connect[s] next-generation technology."[1] It formed in September 2016 "when two privately held companies, Alternative Entertainment Inc. (AEI) and WeConnect Enterprise Solutions, combined."[2]

In February 2017, WeConnect hired Goplin as a satellite/cable technician. A week later, Goplin signed a document titled "AEI Alternative Entertainment, Inc. Open Door Policy and Arbitration Program." Dkt. 9-1. The document contained the following arbitration provision:

> [B]y agreeing to this policy, you agree that in consideration for your employment and in exchange for promises made by AEI, Inc. ("AEI" or the "Company"), both you and AEI understand and agree that either one may elect to resolve the following types of disputes exclusively through binding arbitration:
>
> . . . . Disputes between you and AEI (or any of its affiliates, officers, directors, managers or employees) relating to your employment with the Company (including but not limited to: (1) claims of discrimination under federal, state or local laws, (2) claims regarding compensation, including overtime; (3) claims regarding promotion, demotion, disciplinary action, and/or termination; and (4) claims regarding the application or interpretation of any of the terms of this agreement).

*Id.* at 1. It also contained what is sometimes called a concerted action waiver:

> By signing this policy, you and AEI also agree that a claim may not be arbitrated as a class action, also called 'representative' or 'collective' actions, and that a claims may not otherwise be consolidated or joined with the claims of others.

---

[1] WeConnect, http://weconnectllc.com/.

[2] WeConnect, *About Us*, http://weconnectllc.com/about-us/.

*Id.* The document provided that the concerted action waiver was central to the arbitration agreement:

> This agreement represents the intent of both you and the Company to arbitrate disputes that may arise in accordance with this Agreement. If any clause, provision or section of this Agreement is ruled invalid or unenforceable by any court of competent jurisdiction, the invalidity or unenforceability of such clause, provision or section shall not affect any remaining clause, provision or section hereof. However, to the extent this class/collective action wavier is found to be unlawful and/or unenforceable, from that point forward the collective claim will not be covered by this agreement and may be pursued in a court of law unless and until the claim ceases to be party of a class-action, representative-action or consolidated case.

*Id.*

Goplin signed the agreement on February 2, 2017. The signature line for AEI remains blank.

On October 10, 2017, Goplin filed this proposed class action against WeConnect alleging violations of the FLSA and Wisconsin wage and hour law. The court has federal question jurisdiction over the FLSA claim under 28 U.S.C. § 1331, and it has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

ANALYSIS

WeConnect moves under Federal Rule of Civil Procedure 12(b)(3) to dismiss Goplin's claims in favor of arbitration. *See Faulkenberg*, 637 F.3d at 808 (explaining that "a district court cannot compel arbitration outside the confines of its district" and so should dismiss the case for improper venue under Rule 12(b)(3) when arbitration is required). Under binding Seventh Circuit precedent, the concerted action waiver of the arbitration agreement violates the National Labor Relations Act, so it is unenforceable. *See Lewis v. Epic Sys. Corp.*, 823 F.3d 1147

(7th Cir. 2016), *cert. granted*, 137 S. Ct. 809 (2017); *see also NLRB v. Alt. Entm't, Inc.*, 858 F.3d 393, 408 (6th Cir. 2017) (determining that the concerted action waiver of the arbitration agreement at issue in this case rendered it unenforceable). So under the terms of the agreement, Goplin's collective claims are not subject to arbitration.

WeConnect argues that Goplin "waived his right" to argue that the concerted action waiver violates the NLRA by failing to assert that argument in a charge filed with the National Labor Relations Board within the six-month limitations period established by the act. Dkt. 17, at 3. WeConnect's argument is underdeveloped and difficult to understand. The NLRB may have "primary jurisdiction" over affirmative claims brought under the NLRA, but federal courts have "a duty to determine whether a contract violates federal law before enforcing it," so federal court is a proper forum for Goplin's argument. *Kaiser Steel Corp. v. Mullins*, 455 U.S. 72, 83 (1982). In *Kaiser Steel*, the Supreme Court held that § 8(e) of the NLRA renders certain contract clauses "at all times unenforceable by federal courts" and that "a court must entertain [a] defense" brought under § 8(e), *id.* at 84, 86, a strong indication that no limitations period attaches to challenges under that provision. There is no indication that § 7, the NLRA provision that Goplin relies upon, should be treated any differently. *Cf. Herrington v. Waterstone Mortg. Corp.*, No. 11-cv-779, 2012 WL 1242318, at *3 (W.D. Wis. Mar. 16, 2012) (concluding that under *Kaiser Steel*, a § 7 challenge to a concerted action waiver was properly before the court). So Goplin did not waive his argument.

*Lewis* is currently before the U.S. Supreme Court, so if the concerted action waiver were the only roadblock to arbitration, it might be appropriate to stay this case pending the Supreme Court's ruling. But a larger issue looms in this case: Goplin brings his claims against WeConnect, which is neither a signatory to nor named in the arbitration agreement.

"[A] litigant who was not a party to the relevant arbitration agreement may [compel arbitration] if the relevant state contract law allows him to enforce the agreement." *Scheurer v. Fromm Family Foods LLC*, 863 F.3d 748, 752 (7th Cir. 2017) (quoting *Arthur Anderson LLP v. Carlisle*, 556 U.S. 624, 632 (2009)). Under Wisconsin law (which the parties agree applies here), "[t]he general rule is that only a party to a contract may enforce it. However, there is an exception when the contract was made specifically for the benefit of a third party." *Sussex Tool & Supply, Inc. v. Mainline Sewer & Water, Inc.*, 231 Wis. 2d 404, 605 N.W.2d 620, 622–23 (Ct. App. 1999) (citation omitted).

Here, there is no indication that WeConnect is a party to the arbitration agreement. "WeConnect" does not appear anywhere in the arbitration agreement; rather, the agreement purports to bind Goplin and AEI. WeConnect argues that "'WeConnect' and 'AEI' are two names for the same entity." Dkt. 17, at 7. In support, it adduces only a conclusory statement in the declaration of Kevin LeCloux: "I am employed by WeConnect, Inc.—formerly known as Alternative Entertainment, Inc. or AEI—as Director of Human Resources." Dkt. 9, ¶ 3. There's no reason to think that Goplin knew that AEI was another name for WeConnect (as WeConnect suggests) at the time he signed the agreement. And in fact, AEI isn't just another name for WeConnect. As Goplin notes, WeConnect's own website indicates that AEI ceased to exist in September 2016, when it merged with WeConnect Enterprise Solutions to form WeConnect, Inc. Goplin didn't sign the arbitration agreement until March 2017, half a year later. WeConnect cites no authority for the proposition that WeConnect can continue to enter into valid, enforceable contracts under AEI's name post-merger, after AEI ceased to exist.

Perhaps WeConnect intends to argue that AEI assigned its rights and obligations under the arbitration agreement to WeConnect upon merger. But because the agreement postdates

the merger, this theory falls flat. And even if the agreement predated the merger, WeConnect has not shown that it survived, and the agreement does not expressly bind successors or assigns. *Cf. Campbell v. Millennium Ventures, LLC*, 55 P.3d 429, 433 (N.M. Ct. App. 2002) ("[Some] jurisdictions have held that an employee consents to assignment of an employment agreement if the agreement expressly binds and benefits successors or assigns.").

WeConnect also argues that it "drafted the Agreement and presented it to Goplin for signature." Dkt. 17, at 7. But the drafter of a contract is not automatically a party to it—for example, lawyers often draft contracts to which they are not party. Besides, WeConnect adduces no evidence about the agreement's drafting.

Finally, WeConnect argues that the agreement "repeatedly refers to the obligations and the rights of the employer." *Id.* That's true—it's clear that the agreement concerns an employment relationship, but the only reasonable inference to draw from the agreement is that the employer is AEI. Perhaps WeConnect intends to contend that it is a third-party beneficiary of the agreement. But WeConnect, as the party "claiming third-party beneficiary status[,] must show that the contracting parties entered into the agreement for the direct and primary benefit of the third party." *Sussex Tool & Supply*, 605 N.W.2d at 623. WeConnect has not met this burden. There's no reason to think that Goplin believed he was agreeing to arbitrate his claims against WeConnect—as opposed to AEI—when he signed the agreement. So even if *Lewis* were reversed, it would be inappropriate to dismiss this case in favor of arbitration.

ORDER

IT IS ORDERED that defendant WeConnect, Inc.'s motion to dismiss or stay proceedings, Dkt. 7, is DENIED.

Entered December 28, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge