IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

**BROOKS GOPLIN**,
individually and on behalf
of all others similarly situated,

                Plaintiff,

                              Case No. 17-cv-773

vs.

**WECONNECT, INC.**,

                Defendant.

---

**PLAINTIFF'S STATEMENT ON CONTENTS OF COURT-AUTHORIZED NOTICE**

---

Pursuant to this Court's Order dated December 6, 2018 granting Plaintiff's motion for conditional certification of the collective class, the parties met and conferred regarding the additional language the Court asked be added to the notice to be sent to the class. The Court stated that the notice "should be amended so as to put recipients on notice of the possibility that members of the opt-in class may ultimately be bound by arbitration agreements." (Dkt. # 77, Order, at 11.) The parties were able to come to an agreement on this language and inserted the following sentence into the notice:

> Regardless of the foregoing, if you have signed an arbitration agreement and WeConnect asks the Court to send your claim to arbitration, your continued participation may further depend on whether the Court determines that your claim must be heard in arbitration.

Plaintiff's proposed notice, with this sentence inserted in the paragraph entitled, "Your Right to Participate In This Suit," is filed herewith.

However, WeConnect raised a new issue about the notice during these discussions and refuses to jointly submit the attached notice. WeConnect wants all references to Alternative Entertainment Inc. ("AEI") removed from the notice. Plaintiff submits this short statement of his position to the Court, that reference to AEI is proper in the notice.

Plaintiff's initial Proposed Notice, filed on March 6, 2018, directed notice to "All Home Entertainment Specialists and/or Field Service Technicians Employed By WeConnect and/or AEI At Any Time Since March 6, 2015." (Dkt. # 46.6, Proposed Notice.) The Court's Order directly addresses the broader issue of whether employees of AEI, which later changed names to WeConnect, should receive notice, stating as follows:

> WeConnect argues that, in light of the prior briefing on Goplin's arbitration agreement, Goplin should be precluded by judicial estoppel from now taking the position that AEI and WeConnect are the same entity for the purposes of this lawsuit. It asks the court to cabin the opt-in class by starting the class period on August 18, 2016, the date that AEI became WeConnect. But Goplin has never, in fact, "taken the position" that AEI and WeConnect were different companies. Dkt. 57, at 23. Rather, Goplin raised questions about the enforceability of Goplin's arbitration agreement, which WeConnect then failed adequately to rebut. WeConnect's failure to carry its own burden is not a basis for judicial estoppel.

(Order at 11.)

As such, the notice will be sent to class members who worked for WeConnect when it was under the name "AEI." Those individuals are not precluded from opting in to the case; whether enforceable arbitration agreements exist that might prevent them from taking part in this case is an issue to be resolved after the notice period. To exclude this mention of AEI would undoubtedly confuse potential class members, as they may be unaware of the name change to WeConnect, which is why Plaintiff included WeConnect's former name in the Proposed Notice.

WeConnect made no objections to Plaintiff's Proposed Notice in its briefing and only did so after the Court asked the parties to confer on a different issue. The Court has approved the form of Plaintiff's Proposed Notice, asking only that the parties confer on the addition of language relating to the existence of potentially enforceable arbitration agreements. This is not a new opportunity for WeConnect to make objections to the Proposed Notice that should have been raised in other briefing. Plaintiff submits that this Court should approve the notice as submitted herewith.

Approved and submitted on this 13th day of December, 2018.

By: */s/ David C. Zoeller*
**HAWKS QUINDEL, S.C.**
David C. Zoeller, State Bar No. 1052017
Email: dzoeller@hq-law.com
Caitlin M. Madden, State Bar No. 1089238
Email: cmadden@hq-law.com
409 East Main Street
Post Office Box 2155
Madison, Wisconsin 53701-2155
Telephone: (608) 257-0040
Facsimile: (608) 256-0236