IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BROOKS GOPLIN,
individually and on behalf
of all others similarly situated,

                                        ORDER
                    Plaintiff,
        v.                              17-cv-773-jdp

WECONNECT, INC.,

                    Defendant.

In a December 6, 2018 order, this court conditionally certified a class consisting of current and former WeConnect technicians, subject to a caveat requiring the parties to address the contested arbitration issues in the decertification and Rule 23 class certification briefing. The court ordered the parties to meet and confer about adding language to the proposed notice that flagged the possibility that some class members may be bound by enforceable arbitration agreements. The parties were unable to agree on a joint proposal and instead submitted competing draft notices. Dkt. 78 and Dkt. 79. For the reasons explained below, the court will approve a version of the notice that incorporates aspects from both versions.

There are two discrepancies between the versions of the notice submitted by the parties. First is the placement of the language addressing arbitration. Goplin includes it in the "Your Right To Participate In This Suit" section, whereas WeConnect has substantively identical language both in that section and in the "Effect of Joining This Lawsuit" section. Neither party addresses this discrepancy in placement. But the court agrees with WeConnect that the language about arbitration appropriately belongs in both sections; the prospect that an opt-in class member with an enforceable agreement may have his claims dismissed as a result is one

potential "effect" of joining this suit. So the court will adopt WeConnect's proposed language concerning that issue.

Second, WeConnect objects to the inclusion of "Alternative Entertainment, Inc." in the opening paragraph of the notice. It acknowledges that the court has already rejected its argument that Goplin should be precluded from taking the position that Alternative Entertainment, Inc. (AEI) and WeConnect are the same company. Dkt. 77, at 11. Nonetheless, WeConnect argues that the court's order "did not indicate that the notice should reference AEI." Dkt. 78-1, at 1. But that is only because the parties did not raise the issue in the conditional certification briefing, so there was no need to discuss it. Class members who started at the company before the name change will receive the notice, so the notice's reference to AEI is appropriate.

If WeConnect has not already done so, it must provide Goplin with a list, in electronic importable format, of all home entertainment specialists and/or field service technicians employed between December 6, 2015 and December 6, 2018. This list should include employee names, mailing addresses, dates of employment, and employee identification number. To facilitate prompt notice, WeConnect should do so no later than December 21, 2018. Goplin may have until January 4, 2019, to send notice to the collective. Goplin should notify the court once it has sent the notice so that the court can re-set Rule 23 class certification and decertification deadlines and arrange for a new scheduling conference with Magistrate Judge Crocker.

ORDER

IT IS ORDERED that:

1.  Plaintiff Brooks Goplin's version of the proposed court-facilitated class notice, Dkt. 79, is approved, subject to the modifications set forth above concerning the placement of the arbitration language.

2.  Defendant WeConnect, Inc. shall produce to plaintiff Brooks Goplin, by December 21, 2018, a list, in electronic importable format, of all home entertainment specialists and/or field service technicians in employed between December 6, 2015 and December 6, 2018, including their name, mailing address, dates of employment, and employee identification number.

3.  Goplin may have until January 4, 2019, to send notice to the collective. To facilitate the re-setting of deadlines, Goplin must notify the court once notice has issued.

Entered December 17, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge