# Exhibit A

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Agreement, along with all exhibits hereto (collectively, the "Settlement Agreement"), is entered into by and between WeConnect, Inc. ("WeConnect" or "Defendant") and Brooks Goplin (the "Class Representative" or the "Plaintiff"), for himself and on behalf of a collective class of all similarly-situated employees, in the case of *Goplin v. WeConnect, Inc.,* Case No. 17-cv-773, filed in the United States District Court for the Western District of Wisconsin (the "Lawsuit").

## RECITALS

WHEREAS, the Class Representative filed a lawsuit under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Wisconsin Wage Payment and Collection Act, Wis. Stat. § 109, *et seq.*, as a hybrid class and collective action to recover unpaid regular and overtime wages against Defendant on October 10, 2017 (dkt. # 1);

WHEREAS, the Class Representative is represented in the Lawsuit by the law firm of Hawks Quindel, S.C. ("Class Counsel");

WHEREAS, Defendant moved to dismiss the Class Representative's Complaint and compel arbitration (dkt. # 7);

WHEREAS, the District Court denied Defendant's Motion on December 28, 2017 (dkt. # 20), a decision that was upheld by the Seventh Circuit on appeal on June 21, 2018 (dkt. # 52);

WHEREAS, the Class Representative moved for conditional certification of the collective FLSA class on March 6, 2018 (dkt. # 44), though consideration of that

Motion was stayed pending the appeal of the District Court's decision on the Motion to Dismiss (dkt. # 51);

WHEREAS, the District Court granted the Class Representative's Motion for Conditional Certification on December 6, 2018 (dkt. # 77);

WHEREAS, Class Counsel administered the sending of notice to the conditionally-certified FLSA collective class, and a total of 187 individuals returned timely consent forms to opt in to the suit (dkts. ## 82-97), two additional late consent forms have been accepted by Defendant (dkt. # 97), and inclusive of the Class Representative, the FLSA collective class consists of 192 individuals (the "collective class members");

WHEREAS, WeConnect has sought to enforce arbitration agreements executed by many of the collective class members but agreed to attempt to resolve claims on behalf of the collective class members prior to moving forward with a motion to decertify and/or motions to compel individual arbitration for the collective class members with valid arbitration agreements;

WHEREAS, the parties exchanged settlement offers and attended a mediation in Green Bay, Wisconsin on April 3, 2019 with Attorney Michael Fox;

WHEREAS, the parties did not reach a resolution on April 3, 2019 but continued to negotiate the case at arm's length until they reached a settlement of this matter on April 26, 2019;

WHEREAS, Defendant denies all of the allegations in the Lawsuit and any and all liability and damages of any kind to anyone with respect to the alleged facts

or causes of action asserted in the Lawsuit but, nonetheless, without admitting or conceding any liability or damages whatsoever, has agreed to settle the Lawsuit on the terms and conditions set forth in this Settlement Agreement as to the 192 FLSA collective class members, and on the condition that the state law Rule 23 allegations are withdrawn, to avoid the burden, expense, and uncertainty of continuing the Lawsuit;

WHEREAS, the parties recognize that the outcome of the Lawsuit is uncertain and that achieving a final result through the litigation process would require substantial additional risk, discovery, time, and expense;

WHEREAS, the Class Representative and Class Counsel have conducted an investigation and evaluation of the facts and law relating to the claims asserted in the Lawsuit to determine how best to serve the interests of the collective class members and believe, in view of the costs, risks, and delay of continued litigation balanced against the benefits of settlement, that the settlement as provided in this Settlement Agreement is in the best interest of all and that the settlement provided in this Settlement Agreement represents a fair, reasonable, and adequate resolution of the Lawsuit; and

WHEREAS, the parties have agreed to settle this case as to all individuals who opted into the FLSA collective class, those listed in Exhibit A, and withdrawal of the state law Rule 23 allegations;

NOW THEREFORE, the parties, intending to be legally bound and in consideration of the mutual covenants and other good and valuable consideration set forth below, do hereby agree as follows:

## AGREEMENT

1. **Settlement Fund**. Defendant agrees to establish a Settlement Fund in the amount of $350,000 ("Settlement Fund") to resolve the collective class members' claims. This Settlement Fund shall be used to compensate the collective class' damages (including, but not limited to, alleged unpaid overtime, unpaid wages, and/or liquidated or enhanced damages of any kind), service payments to the named plaintiffs (as further described below), expenses, as well as attorneys' fees and costs, including any other liability resulting from this settlement. This Settlement Fund represents the maximum amount that Defendant is obligated to pay to the participating class members and/or to class counsel, and in no event shall the Defendant pay any amount in excess of the Settlement Fund to the participating class members and/or to class counsel.

2. **Attorneys' Fees and Costs**. Class Counsel will apply for an award of attorneys' fees, to be approved by the Court, of 33.33% of the funds claimed by the collective class members, in addition to their actual costs. These attorneys' fees and costs shall be made from the Settlement Fund. Defendant does not oppose such application. To the extent that the Court reduces the requested attorneys' fees and/or costs, it shall not affect the binding effect of this Settlement Agreement, and any

unpaid amounts shall be reallocated to the collective class members on a pro-rata basis.

3.       **Service Payments**. Class Counsel will request service payments totaling $15,000 in recognition of the efforts of Class Representative, Brooks Goplin, and collective class members Dustin Bobb and Zachary Oquist (collectively, "Named Plaintiffs") in prosecuting this case. These service payments shall be made from the Settlement Fund. Defendant shall not object or otherwise comment on the request for these service payments. The service payments shall be in addition to any amounts allocated to Goplin, Bobb, and Oquist in section 4 below. These service payments shall not be treated as wages, and Goplin, Bobb, and Oquist will receive a Form 1099 for this payment. To the extent that the Court reduces the requested service payments, it shall not affect the binding effect of this Settlement Agreement, and the difference between the requested amount and the approved amount shall be reallocated to the collective class members on a pro-rata basis.

4.       **Allocation to Class**. The collective class members shall be allocated a portion of the Settlement Fund, less any approved attorneys' fees and costs and service payments, to be divided between unpaid wages and liquidated damages. All collective class members shall be allocated a portion of the Settlement Fund on a pro-rata basis based on the total value of their individual claim.

a.       Initial Allocations. Initial individual claim values have been calculated for each collective class member using the following method: first, Class Counsel determined, for each workweek worked

5

by each collective class member, the number of shifts worked and the hours recorded. Second, Class Counsel determined the total number of hours per workweek by adding 3/4 hour per shift to the hours recorded per workweek to get the "hours worked." All additional hours that resulted in hours worked over 40 were "overtime." Then, Class Counsel determined the overtime premium for each collective class member for each workweek. Because Defendant paid the collective class members on a biweekly basis, the weekly pay was estimated by dividing the biweekly pay in half. The regular rate was calculated by dividing the weekly pay by the hours worked, and the regular rate was multiplied by 50% to determine the overtime premium for each week. Class Counsel multiplied any overtime by the overtime premium to determine the overtime wages owed for each workweek. Class Counsel then compared the workweek when these overtime wages were earned to each collective class member's opt-in date to determine whether the wages were within the three-year statute of limitations. All allegedly unpaid overtime wages within the three years prior to the collective class member's consent filing amount to the potential full value of their claim. Each collective class member was then assigned a pro-rata percentage, calculated as the proportion of their individual full value claim to the total full value for all collective class members. This pro-rata percentage was

6

multiplied by the available fund after accounting for attorneys' fees and costs and requested service payments to determine the initial claim value for each collective class member.  Notwithstanding, the individual allocation of qualifying class members shall be adjusted to ensure that the Settlement Fund total maximum limit of $350,000 is not exceeded.

b. <u>Minimum Claim Value</u>. Each collective class member shall be allocated a claim in accordance with the method described in section 4.a or $100, whichever is greater, subject to the Settlement Fund total maximum limit of $350,000.

5. **<u>Motion for Settlement Approval</u>**. The parties will cooperate and take all necessary steps to effectuate judicial approval of this Settlement Agreement.

a. <u>Unopposed Motion to Amend Complaint</u>. Class Counsel shall file an unopposed motion to amend complaint and an amended complaint, attached hereto as Exhibit D, removing the Second Claim for Relief: Failure to Pay Regular and Overtime Wages in Violation of Wisconsin Law, and removing the class allegations on behalf of the putative Fed. R. Civ. P. 23 Wisconsin Unpaid Wage Class.   Except as provided herein, Named Plaintiffs represent and agree that they will not file any other and/or further amended complaint or claims prior to the funding of the settlement and payment of attorneys' fees as set forth in Section 9(b).

b. <u>Motion for Court Approval of Settlement</u>. Class Counsel shall present this Settlement Agreement to the Court along with a joint motion requesting that the Court issue an order approving the Settlement Agreement as fair, reasonable, and adequate and dismissing the case with prejudice. Should the Court require additional briefing in order to grant approval of the Settlement Agreement, the parties shall work together to get court approval.

6. **Notice to Collective Class Members**. Class Counsel will seek approval from the Court to send notice to the collective class members informing them of the settlement, their initial allocation presuming the Court grants Class Counsel's request for attorneys' fees and costs and service payments, and the opportunity to receive their pro-rata allocation of the Settlement Fund.

a. <u>Form of Notice</u>. Class Counsel will submit Exhibit B as a Proposed Notice (the "Notice"). This notice shall give collective class members 60 days to return the Settlement Claim and Release of Claims Form ("Claim Form"), Exhibit C. Any collective class members who fail to timely return an executed Claim Form and return a written request to be excluded from the Settlement Agreement, within 60 days of mailing of the Notice (the "notice period"), will be dismissed without prejudice and shall have 60 days within which to file a subsequent action in order to preserve consent-based tolling. Failure to refile their claim within 60 days after returning a written request to be

8

excluded will result in their forfeiture of consent-based tolling, but not necessarily their claim.

b. <u>Administration of Notice</u>. Within 10 days of the Court granting preliminary approval of the settlement and approving the form of the Notice, Class Counsel will send the Notice to each collective class member, along with the Settlement Claim and Release of Claims Form, by U.S. mail to their last known address and by email to their last known personal email address. Class Counsel shall provide counsel for Defendant with the dates on which the Notices were sent to each collective class member at the time of mailing. If Notice is returned as undeliverable during the notice period, Defendant shall provide Class Counsel with the Social Security number of the collective class member so Class Counsel can perform a skip trace for resending of the Notice. Only those collective class members who timely sign and return the Claim Form, attached as Exhibit C, physically or electronically, will be eligible to receive an allocation of the Settlement Fund. Class Counsel shall promptly provide counsel for Defendant with copies of all Claims Forms or requests for exclusion received by Class Counsel, along with corresponding dates of mailing and receipt of such forms.

7. **Final Approval**. If this Settlement Agreement is finally approved by the Court, a final order approving settlement and directing the dismissal as follows:

a. Approving the Settlement Agreement as fair, reasonable, and adequate as it applies to the class;

b. Declaring the Settlement Agreement to be binding on Defendant and the Class Representative as well as all of the collective class members who have timely executed and returned a Claim Form, and permanently barring them from prosecuting any of the released claims and issuing a judgment entry to that effect;

c. Dismissing with prejudice the Plaintiff's Amended Complaint and the released claims;

d. Forever discharging Defendant from liability and damages for all released claims; and

e. Indicating the amount of attorneys' fees and costs to be awarded to Class Counsel, and any service payments.

8.     **Released Claims**. By operation of this Agreement and, except as to such rights or claims as may be created by this Settlement Agreement, collective class members  and Named Plaintiffs who timely execute and timely return a Claim Form, irrevocably and unconditionally release and covenant not to sue Defendant, its shareholders, directors, officers, agents, insurers, and employees from any and all past and present wage-related disputes, matters, claims demands, and causes of action of any kind whatsoever whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state, or other applicable law including, but not limited to, claims under Fair Labor

Standards Act ("FLSA"), 29 U.S.C. §201, et. seq., Wis. Stat. §§ 103.02 and/or 109.03, and/or similar state wage and hour laws, regulations, and/or rules that could have been raised prior to April 3, 2019. In addition, any collective class member must sign and return a Claim Form, attached as Exhibit C, physically or electronically, prior to being eligible for a final allocation of and/or payment from the Settlement Fund.

In addition, all Named Plaintiffs and collective class members who timely execute a Claim Form, and Class Counsel, hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that they may have against Defendant for attorneys' fees and costs associated with Class Counsel's representation in this matter.

9.   **Settlement Administration**. Class Counsel shall serve as the Administrator and shall be responsible for administering the settlement, calculating each collective class member's portion of the Settlement Fund, and distributing payments from the Settlement Fund to the collective class members, aside from W-2 payments which shall be issued by Defendant. Any additional attorneys' fees and expenses related to the settlement administration shall be paid by Class Counsel.

a.   Final Allocations. Within 10 days of the Court entering its order finally approving the Settlement Agreement, Class Counsel shall provide initial allocations to Defendant, which shall include a breakdown of all settlement liabilities, including 1099 payments to class members, service payments, W-2 payments to class members, and attorney's fees and costs. Within 10 days of the expiration of the

11

60-day notice period, Class Counsel will provide Defendant its final allocations, which shall include all 1099 payments to participating class members, service payments, W-2 payments to participating class members, and attorney's fees and costs. Any amounts initially allocated to collective class members who fail to return the Claim Form, along with any amounts requested as attorneys' fees and costs or as service payments which are not approved by the Court, shall revert back to Defendant, and Defendant shall be entitled to recover such amounts, which, in effect, will have the result of reducing the Settlement Fund by any such amounts. The amounts allocated to each participating collective class member shall be split equally between 1099 and W-2 income.

b. Funding of the Settlement and Payment of Attorneys' Fees.

i. Within 30 days of issuance of the final settlement allocation, Defendant shall transfer the total amount of the Settlement Fund, less amounts allocated to the collective class members as W-2 wages, to the Hawks Quindel, S.C. IOLTA trust account. This shall include all 1099 payments to class members, service payments, Class Counsel's approved costs, and all attorneys' fees to Class Counsel. Defendant will issue Class Counsel one or more IRS Forms 1099 for the attorneys' fees and costs paid consistent with apportionment provided by Class Counsel. At the same

12

moment, Defendant will also send to Class Counsel the settlement checks for all amounts allocated as W-2 wages to the collective class members eligible to receive payment.

ii.  If an appeal is filed, settlement will not be final and no payments shall be issued until and unless the settlement is upheld on appeal or the objection is otherwise resolved. If an appeal is filed and the settlement is upheld or the objection is otherwise resolved, Defendant shall transfer the total amount of the Settlement Fund, less amounts allocated to the collective class members as W-2 wages, to Class Counsel as Administrator within 30 days after the resolution.

c.  <u>Settlement Checks</u>. Within 14 days of the funding of the settlement per section 8.b, Class Counsel shall send the eligible collective class members two settlement checks: one containing their allocated portion of the Settlement Fund designated as 1099 income and one containing their allocated portion of the Settlement Fund designated as W-2 wages.  At the same time, Class Counsel shall send copies of the foregoing to counsel for Defendant.

d.  <u>Reissuing of Payments</u>. If any settlement checks are returned as undeliverable within 120 days of issuance, Class Counsel shall promptly attempt to locate the person. Upon request, Defendant shall provide Class Counsel with the Social Security number of a

13

collective class member whose settlement check is returned as undeliverable so Class Counsel can perform a skip trace for resending of the settlement checks. Upon request by a collective class member, Class Counsel and Defendant will promptly reissue checks that were mailed but not cashed by the collective class member during the 120-day time period. However, Class Counsel and Defendant may deduct from the individual's settlement amount any cost associated with canceling a previously issued settlement check. Any settlement check that remains undeliverable or is not cashed after 120 days following its issuance shall be cancelled and voided. Class Counsel and Defendant will not reissue checks after the 120-day time period. Any settlement check that remains undeliverable or is not cashed after 120 days following its issuance, and following its cancellation and voiding and deduction for any cost related to the same, shall revert to the Defendant, which shall have the effect of decreasing the Settlement Fund in the amount(s) that have reverted.

10.   **Tax Treatment**. For tax purposes, each collective class member's settlement share constitutes a combination of alleged unpaid wages as well as liquidated damages to be divided equally. The payment of the alleged unpaid wages shall be deemed payment of the alleged unpaid wages and subject to all legally required garnishments, liens, wage withholding orders, regular withholdings, and similar obligations, and reported on an IRS Form W-2 to be issued by the Defendant.

14

The remaining amount shall be for alleged interest and liquidated penalty claims and shall not be subject to payroll withholdings, and shall be reported on an IRS Form 1099 to be issued by Defendant. The amounts payable under this settlement will not trigger any additional benefits or liabilities under Defendant's benefits plans, including any retirement plans in which collective class members participate, and shall be exclusive of any employer-side tax obligation. Attorneys' fees and costs shall be paid without withholding and shall be reported to the IRS and Class Counsel under Class Counsel's name and taxpayer identification number, which Class Counsel shall provide for this purpose through an executed IRS Form W-9, on an IRS Form 1099. Defendant will bear the employer's share of payroll taxes separately from the Settlement Fund.

11.     **No Admission of Liability**. By entering into this Settlement Agreement, Defendant admits no liability of any kind, and Defendant expressly denies any liability or wrongdoing. Accordingly, the parties agree that none of them has prevailed nor shall this Settlement Agreement be construed as evidence that any party has prevailed in this matter. This Settlement Agreement shall not be admissible in any court or other proceeding except as necessary in connection with a claim of breach of this Settlement Agreement or an effort to enforce this Settlement Agreement.

12.     **No Other Claimants**.  Class Counsel and Named Plaintiffs represent that, as of the time that this Agreement is submitted to the Court for approval, they have no personal knowledge of any individual who wishes to join in this case, who

15

they have not already made Defendant aware of, who is not already a collective class member, or of any other person intending, seeking, contemplating, and/or wishing to assert any wage-related claim against Defendant.

13. **No Assignment of Claims**. Class Counsel and Named Plaintiffs represent that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in this matter or any related action.

14. **Effect of Failing to Submit a Claim Form**.  Any collective class member who timely rejects their settlement offer by failing to execute a Claim Form and timely returns a written request to be excluded from the Settlement Agreement will be dismissed without prejudice and shall have 60 days within which to file a subsequent action in order to preserve consent-based tolling. Failure to refile their claim within this timeline will result in their forfeiture of consent-based tolling, but not necessarily their claim.

15. **Best Efforts**.  The parties and their counsel agree to use their best efforts and to cooperate with each other to accomplish the terms of this Agreement, including, but not limited to, execution of such documents and taking such other action as may reasonably be necessary to implement and effectuate the terms of this Agreement.

16. **Choice of Law**. The enforcement of this Settlement Agreement shall be governed and interpreted by and under the laws of the State of Wisconsin whether or not any party is or may hereafter be a resident of another state.

17.    **Extension of Time**. The parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Settlement Agreement, without further notice to the Court, subject to Court approval as to Court dates.

18.    **No Waivers, Modifications, Amendments**. This Settlement Agreement constitutes the entire agreement of the parties concerning the subjects contained herein, and all prior and contemporaneous negotiations and understandings between the parties shall be deemed merged into this Settlement Agreement. No waiver, modification, or amendment of the terms of this Settlement Agreement, whether purportedly made before or after the Court's approval of this Settlement Agreement, shall be valid or binding unless in writing, signed by or on behalf of all parties, and then only to the extent set forth in such written waiver, modification, or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Settlement Agreement shall not be deemed a waiver of any of the other provisions of this Settlement Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Settlement Agreement.

19.    **Court Retains Jurisdiction to Enforce Agreement**. The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Settlement Agreement, to the extent permitted by law, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement. Any action to enforce this

Settlement Agreement shall be commenced and maintained only in this Court. Neither this Settlement Agreement, nor any ancillary documents, statements, or filings in furtherance of settlement shall be admissible or offered into evidence in any other action for any other purpose except for purpose of giving effect to the released claims and preclusive effect on future claims.

20.  **Agreement to Cooperate/Severability**. The parties acknowledge that it is their intent to consummate this settlement, and they agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of this Settlement Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of this Settlement Agreement. The provisions of this Settlement Agreement shall be deemed severable, and the invalidity or unenforceability of any one or more of its provisions shall not affect the validity or enforceability of any of the other provisions. Notwithstanding, Defendant or Plaintiff may void this Settlement Agreement if the Court declines to enter, in the form substantially similar to that submitted by the parties as contemplated under this Settlement Agreement, a preliminary approval order or final approval order.  Furthermore, Defendant may void this Settlement Agreement if 10 or more collective class members file or join in any complaint, lawsuit, proceeding, or arbitration alleging that Defendant failed to pay overtime or wages at any time prior to the funding of the settlement and payment of attorneys' fees as set forth in Section 9(b).

21.  **Counterparts**. This Settlement Agreement shall become effective upon its execution, subject to subsequent Court approval. The parties may execute this

18

Settlement Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Class Representative and Defendant had signed the same instrument. Any signature made and transmitted by facsimile or electronically for the purpose of executing this Settlement Agreement shall be deemed an original signature for purposes of this Settlement Agreement and shall be binding upon the signing party.

22. **Corporate Signatories**. Each party executing this Settlement Agreement or any of its exhibits on behalf of any party hereto warrants that such person has the authority to do so. Any person executing this Settlement Agreement or any such related documents on behalf of a corporate signatory hereby warrants and promises for the benefit of all parties hereto that such person is duly authorized by such corporation to execute this Settlement Agreement or any such related documents.

23. **Captions**. The captions or headings of the paragraphs in this Settlement Agreement are inserted for convenience or reference only and shall have no effect upon the construction or interpretation of any part of this Settlement Agreement.

Date:_____     By:_____

                                  Printed Name:   Brooks Goplin

                                  Title:     Class Representative


Date:_____     By:_____

                                  Printed Name: _____

                                  Title:_____

                                  On behalf of WeConnect, Inc.


**REVIEWED AND APPROVED AS TO FORM:**


**HAWKS QUINDEL, S.C.**

Date:_____     By:_____

                                  Printed Name: David C. Zoeller

                                  Title: Class Counsel


**LAW FIRM OF CONWAY, OLEJNICZAK & JERRY, S.C.**

Date:_____     By:_____

                                  Printed Name:_____

                                  Title: Counsel for Defendant

| Employee ID | Employee Name | Initial Allocation + Attorney's Fees | Attorney's Fees Portion | Initial Allocation Less Fees |
|---|---|---|---|---|
| 1795 | Alexander, Michael | $910.53 | $327.75 | $582.78 |
| 10003 | Allen, Jeremy | $260.51 | $93.77 | $166.74 |
| 1853 | Anderson, Jordan | $150.00 | $50.00 | $100.00 |
| 1767 | Aube, Mitchell | $1,364.97 | $491.32 | $873.65 |
| 1847 | Austin, Justin | $892.02 | $321.09 | $570.94 |
| 3713 | Bairski, Keith | $5,665.24 | $2,039.22 | $3,626.03 |
| 1501 | Ball, Tyler | $2,303.62 | $829.19 | $1,474.43 |
| 2018 | Barr, Eric | $303.16 | $109.12 | $194.04 |
| 2234 | Barrett, Michael | $354.29 | $127.53 | $226.76 |
| 990 | Bartels, Andrew | $683.03 | $245.86 | $437.17 |
| 1736 | Baston, Ronald | $1,035.84 | $372.85 | $662.99 |
| 10051 | Bates, Jeffrey | $245.14 | $88.24 | $156.90 |
| 2384 | Bays, Grace | $300.84 | $108.29 | $192.55 |
| 1621 | Beard, Charles | $2,274.86 | $818.84 | $1,456.02 |
| 2288 | Bellon, Christopher | $150.00 | $50.00 | $100.00 |
| 1424 | Berkompas, Corey | $405.58 | $145.99 | $259.59 |
| 10019 | Birnbaum, Ryan | $348.78 | $125.55 | $223.24 |
| 2167 | Biron, Paul | $268.19 | $96.54 | $171.65 |
| 2374 | Blackwell, Bo | $286.83 | $103.25 | $183.59 |
| 1725 | Blount, Joshua | $655.15 | $235.82 | $419.33 |
| 1526 | Bobb, Dustin | $5,522.58 | $1,987.87 | $3,534.72 |
| 1625 | Bostwick, Sheilis | $3,287.76 | $1,183.44 | $2,104.33 |
| 1174 | Bowman, Brandon | $917.78 | $330.36 | $587.42 |
| 1925 | Boyette, David | $482.72 | $173.76 | $308.97 |
| 10006 | Bradley, Floyd | $361.59 | $130.16 | $231.44 |
| 523 | Brewer, Gregory | $4,243.67 | $1,527.52 | $2,716.15 |
| 2126 | Brunner, Matthew | $348.91 | $125.59 | $223.32 |
| 2418 | Budahn, Austin | $339.90 | $122.35 | $217.55 |
| 1911 | Bussan, William | $441.53 | $158.93 | $282.60 |
| 1707 | Camp, Justin | $896.74 | $322.78 | $573.96 |
| 1455 | Cantle, Donald | $150.00 | $50.00 | $100.00 |
| 1861 | Carter, Steven | $644.42 | $231.96 | $412.46 |
| 1700 | Childs, Tome | $884.24 | $318.28 | $565.95 |
| 1894 | Colbeth, Matthew | $2,243.14 | $807.42 | $1,435.72 |
| 1457 | Cornell, Kent | $1,746.57 | $628.68 | $1,117.89 |
| 1398 | Dahlberg, Kristopher | $3,551.63 | $1,278.42 | $2,273.21 |
| 10032 | Dandliker, Jeffery | $187.43 | $67.47 | $119.96 |
| 2207 | Danhoff, Thomas III | $1,094.63 | $394.01 | $700.62 |
| 444 | Davenport, Jason | $3,358.16 | $1,208.78 | $2,149.39 |
| 2110 | Davenport, William | $423.03 | $152.27 | $270.76 |
| 2070 | Davis, Billy | $690.74 | $248.63 | $442.11 |
| 1949 | Davis, John | $832.86 | $299.79 | $533.07 |
| 2119 | Deering, Jacob | $150.00 | $50.00 | $100.00 |
| 2016 | DeGraaf, Joshua | $6,671.68 | $2,401.48 | $4,270.19 |
| 1934 | Delong, Christopher | $491.29 | $176.84 | $314.45 |
| 1588 | Dewey, Andrew | $2,610.96 | $939.82 | $1,671.14 |
| 267 | Dewitt, Charles | $150.00 | $50.00 | $100.00 |
| 2134 | Diener, Colton | $160.46 | $57.76 | $102.70 |

**EXHIBIT A**

| Employee ID | Employee Name | Initial Allocation + Attorney's Fees | Attorney's Fees Portion | Initial Allocation Less Fees |
|---|---|---|---|---|
| 2031 | Dievendorf, Matthew | $1,016.16 | $365.77 | $650.39 |
| 23 | Dillard, Patrick | $5,373.30 | $1,934.13 | $3,439.17 |
| 2036 | Dobrinska, Travis | $791.30 | $284.83 | $506.47 |
| 2037 | Donajkowski, Daniel | $972.43 | $350.03 | $622.40 |
| 804 | Draper, Michael | $489.70 | $176.27 | $313.43 |
| 2244 | Drinka, Timothy | $634.64 | $228.44 | $406.20 |
| 501 | Edgette, Brian | $278.11 | $100.11 | $178.00 |
| 2380 | Elgie, Michael | $888.34 | $319.76 | $568.58 |
| 10022 | Elliott, Brandon | $277.54 | $99.90 | $177.64 |
| 3146 | Evans, Richard | $947.01 | $340.88 | $606.13 |
| 1710 | Fleming, Brian | $1,680.72 | $604.98 | $1,075.74 |
| 2805 | Flermoen, David II | $5,389.22 | $1,939.86 | $3,449.36 |
| 1817 | Forbush, Eli | $379.03 | $136.43 | $242.60 |
| 1544 | Fox, Wade | $6,791.80 | $2,444.72 | $4,347.08 |
| 2156 | Fredrick, Nicholas | $1,851.84 | $666.57 | $1,185.27 |
| 1838 | Freeze, Tevin | $188.06 | $67.69 | $120.37 |
| 996 | Freis, Justin | $3,507.12 | $1,262.40 | $2,244.73 |
| 2269 | Friedrich, Ezekiel | $1,063.35 | $382.76 | $680.60 |
| 1499 | Garrison, John | $1,189.25 | $428.07 | $761.18 |
| 3678 | Gashaw, Walter | $567.33 | $204.21 | $363.12 |
| 1656 | Gast, Jesse | $5,700.45 | $2,051.89 | $3,648.56 |
| 2145 | Georgia, Joshua | $443.30 | $159.57 | $283.74 |
| 522 | Gilliam, Corey | $1,021.15 | $367.57 | $653.59 |
| 1737 | Gilson, Peter | $1,765.38 | $635.45 | $1,129.93 |
| 29 | Gladding, Christopher | $465.10 | $167.41 | $297.68 |
| 2290 | Gonzales, Matthew | $450.20 | $162.05 | $288.15 |
| 2046 | Goplin, Brooks | $932.69 | $335.72 | $596.96 |
| 57 | Gow, Marion | $3,372.23 | $1,213.84 | $2,158.39 |
| 2414 | Groh, James | $731.82 | $263.42 | $468.40 |
| 2433 | Hahn, Corey | $150.00 | $50.00 | $100.00 |
| 10036 | Hahn, Jonathan | $330.11 | $118.83 | $211.29 |
| 814 | Hammond, Christopher | $1,202.54 | $432.86 | $769.68 |
| 2084 | Haney, Steven | $1,077.86 | $387.98 | $689.88 |
| 1885 | Harrington, James | $912.99 | $328.63 | $584.36 |
| 1597 | Helms, Rocky | $2,569.09 | $924.75 | $1,644.34 |
| 1542 | Hicks, David | $4,216.47 | $1,517.73 | $2,698.74 |
| 1520 | Hird, Wesley | $1,126.39 | $405.45 | $720.94 |
| 627 | Holbrook, Larry | $3,179.36 | $1,144.42 | $2,034.94 |
| 1835 | Holm, John | $1,818.18 | $654.46 | $1,163.72 |
| 1765 | Horowitz, Adam | $5,016.10 | $1,805.56 | $3,210.55 |
| 1790 | Howard, Jacob | $1,176.68 | $423.55 | $753.13 |
| 1879 | Hufford, Dalton | $3,062.86 | $1,102.48 | $1,960.38 |
| 2163 | Hurst, Nickolas | $443.55 | $159.66 | $283.89 |
| 1784 | Isvorski, Robert | $3,417.96 | $1,230.30 | $2,187.66 |
| 1232 | Itzen, Kyle | $4,127.07 | $1,485.55 | $2,641.52 |
| 1535 | Jones, Casey | $6,002.44 | $2,160.59 | $3,841.85 |
| 1404 | Kane, Gregory | $396.99 | $142.90 | $254.09 |
| 1792 | Kelly, Michael | $742.95 | $267.43 | $475.53 |

| Employee ID | Employee Name | Initial Allocation + Attorney's Fees | Attorney's Fees Portion | Initial Allocation Less Fees |
|---|---|---|---|---|
| 2052 | Kernozek, Michael | $220.81 | $79.48 | $141.33 |
| 2225 | Kodesh, Joseph | $1,099.57 | $395.79 | $703.78 |
| 1936 | Koenig, Brandon | $1,700.10 | $611.95 | $1,088.14 |
| 1975 | Koscal, Charles Jr. | $889.09 | $320.03 | $569.06 |
| 2168 | Kowalski, Brian | $598.27 | $215.35 | $382.92 |
| 737 | Krueger, Bradley | $2,685.82 | $966.77 | $1,719.05 |
| 192 | Krznarich, Brodi | $3,150.95 | $1,134.19 | $2,016.76 |
| 1685 | Lanius, Jonathan | $991.34 | $356.84 | $634.51 |
| 2015 | Lesinski, Michael | $868.64 | $312.67 | $555.97 |
| 2034 | Libby, Derrick | $167.01 | $60.12 | $106.89 |
| 2140 | Linnell, Shannon | $543.20 | $195.53 | $347.68 |
| 1507 | Lockard, David | $1,406.86 | $506.40 | $900.45 |
| 1421 | Luna, Stephen | $1,447.41 | $521.00 | $926.41 |
| 2277 | MacIntyre, Daniel | $646.54 | $232.72 | $413.82 |
| 1754 | Mains, Ryan | $273.19 | $98.33 | $174.85 |
| 2252 | Manderscheid, Gary | $6,894.56 | $2,481.71 | $4,412.85 |
| 2217 | Mansavage, Paul | $211.60 | $76.16 | $135.43 |
| 3654 | Martin, Kevin | $595.31 | $214.28 | $381.03 |
| 1768 | Mature, Timothy | $150.00 | $50.00 | $100.00 |
| 1382 | Mayer, Lonnie | $6,628.13 | $2,385.81 | $4,242.32 |
| 933 | McCarn, Adam | $1,312.66 | $472.49 | $840.16 |
| 1513 | McCusker, Jedediah | $5,572.64 | $2,005.88 | $3,566.76 |
| 2033 | McFadden, Frederick | $1,128.68 | $406.27 | $722.41 |
| 1756 | Meadowcroft, Gary | $990.71 | $356.61 | $634.10 |
| 1800 | Meinburg, Troy | $298.14 | $107.31 | $190.82 |
| 2460 | Mexico, Joshua | $594.75 | $214.08 | $380.67 |
| 197 | Mier, John | $5,512.17 | $1,984.12 | $3,528.05 |
| 1887 | Miller, Brian | $2,178.46 | $784.14 | $1,394.32 |
| 1891 | Milz, Anthony | $1,767.28 | $636.14 | $1,131.15 |
| 1781 | Minor, Kyle | $3,500.68 | $1,260.08 | $2,240.60 |
| 580 | Moon, Bradley | $4,804.13 | $1,729.26 | $3,074.87 |
| 693 | Morris, Joseph | $2,735.72 | $984.73 | $1,750.99 |
| 1307 | Muntinga, Thomas | $2,248.91 | $809.50 | $1,439.41 |
| 1896 | Naeger, Tanner | $1,526.94 | $549.62 | $977.31 |
| 2270 | Nicholson, Kevin A. | $600.16 | $216.03 | $384.13 |
| 1983 | Nicholson, Kevin P. | $346.14 | $124.59 | $221.55 |
| 1699 | Noel, Jeremy | $997.69 | $359.12 | $638.57 |
| 2123 | Nunley, Thomas | $299.89 | $107.95 | $191.94 |
| 2246 | Oberneder, Scott | $870.43 | $313.31 | $557.12 |
| 1399 | Oliver, Joshua | $3,058.78 | $1,101.01 | $1,957.76 |
| 603 | Olson, Aaron | $3,929.96 | $1,414.60 | $2,515.36 |
| 1582 | Olson, Russell | $446.76 | $160.81 | $285.95 |
| 1550 | Oquist, Zachary | $3,436.85 | $1,237.10 | $2,199.75 |
| 3102 | Pahnke, Brian | $1,882.94 | $677.77 | $1,205.17 |
| 1378 | Pargoff, Nathaniel | $243.81 | $87.76 | $156.05 |
| 2042 | Pickett, Jason | $3,482.58 | $1,253.56 | $2,229.02 |
| 2117 | Poradek, Joshua | $821.81 | $295.81 | $526.00 |
| 1482 | Ramos Colon, Kevin | $2,399.57 | $863.73 | $1,535.84 |

| Employee ID | Employee Name | Initial Allocation + Attorney's Fees | Attorney's Fees Portion | Initial Allocation Less Fees |
|---|---|---|---|---|
| 2218 | Reinwand, Benjamin | $291.20 | $104.82 | $186.38 |
| 10027 | Rhodes, Branden | $270.07 | $97.21 | $172.86 |
| 1716 | Richard, Michael | $1,290.00 | $464.34 | $825.66 |
| 467 | Rocha, Bryan | $1,552.29 | $558.75 | $993.54 |
| 1839 | Rome, Thomas II | $524.02 | $188.62 | $335.40 |
| 399 | Ronthi, David | $1,872.51 | $674.01 | $1,198.49 |
| 2189 | Ruhf, Dean | $509.48 | $183.39 | $326.09 |
| 2324 | Sales, Jason | $558.37 | $200.99 | $357.38 |
| 1369 | Salisbury, Dylan | $2,968.60 | $1,068.55 | $1,900.05 |
| 873 | Sanford, Damon | $5,646.67 | $2,032.53 | $3,614.14 |
| 2230 | Schnick, Nicholas | $1,148.10 | $413.26 | $734.84 |
| 1002 | Schroeder, Matthew | $4,240.47 | $1,526.37 | $2,714.10 |
| 2409 | Seidel, Kirk | $12,002.64 | $4,320.38 | $7,682.27 |
| 2051 | Shea, Michael | $1,228.47 | $442.19 | $786.28 |
| 966 | Simpson, Dustin | $5,509.04 | $1,982.99 | $3,526.05 |
| 2116 | Skinner, Keith | $1,421.90 | $511.82 | $910.08 |
| 10053 | Small, David | $263.71 | $94.92 | $168.79 |
| 2436 | Stache, Tyler | $528.71 | $190.31 | $338.40 |
| 2323 | Stager, Christopher | $1,445.99 | $520.49 | $925.51 |
| 1487 | St-Andrew, Charles | $198.59 | $71.48 | $127.11 |
| 2124 | Stebbins, Calyb | $1,698.69 | $611.45 | $1,087.24 |
| 1619 | Stout, Branden | $150.00 | $50.00 | $100.00 |
| 1855 | Straschewski, Christopher | $6,384.45 | $2,298.10 | $4,086.35 |
| 2183 | Taivalmaa, Keegan | $150.00 | $50.00 | $100.00 |
| 2053 | Tembelis, Ryan | $2,648.20 | $953.22 | $1,694.97 |
| 2263 | Tiffany, John | $150.00 | $50.00 | $100.00 |
| 1476 | Toering, Jonathan | $5,378.26 | $1,935.92 | $3,442.35 |
| 1786 | Treloar, Levi | $707.14 | $254.54 | $452.60 |
| 2432 | Tremblay, Robert | $150.00 | $50.00 | $100.00 |
| 2440 | Trindal, Elliott | $215.26 | $77.48 | $137.78 |
| 2005 | Trumley, Jonathon | $962.27 | $346.37 | $615.90 |
| 889 | Tyson, Jonathon | $4,211.55 | $1,515.96 | $2,695.59 |
| 1013 | Vang, Blong | $4,631.21 | $1,667.01 | $2,964.20 |
| 1810 | Vassel, Spencer | $496.57 | $178.74 | $317.83 |
| 109 | Ver Bockel, Kevin | $2,323.14 | $836.22 | $1,486.92 |
| 2201 | VonBroda, Frank | $150.00 | $50.00 | $100.00 |
| 10012 | Wallman, Benjamin | $233.41 | $84.02 | $149.39 |
| 2328 | Wanta, Eric | $245.57 | $88.39 | $157.17 |
| 1809 | Watson, Cody | $835.50 | $300.74 | $534.76 |
| 1531 | Weiler, Chad | $438.16 | $157.72 | $280.44 |
| 2439 | Wellman, Michael | $1,444.98 | $520.13 | $924.86 |
| 1703 | West, Edward | $150.00 | $50.00 | $100.00 |
| 1807 | Whitfield, Nicholas | $813.26 | $292.74 | $520.53 |
| 1695 | Wickert, Ethan | $1,159.68 | $417.43 | $742.25 |
| 1871 | Williams, Courtney | $150.00 | $50.00 | $100.00 |
| 2152 | Wilund, Randy | $319.34 | $114.95 | $204.39 |
| 429 | Zehms, David | $4,576.22 | $1,647.22 | $2,929.00 |

| | |
|---|---|
| Total Allocated to Class: | $207,605.84 |
| Total Allocated as Fees: | $116,666.67 |
| Total Service Payments: | $15,000.00 |
| Total Costs: | $10,727.49 |
| Total Settlement Fund: | **$350,000.00** |

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

**If you worked as a Home Entertainment Specialist and/or Field Service Technician for WeConnect and/or AEI between December 6, 2015 and December 6, 2018 (the "Class Period") and previously submitted a consent form to opt in to a lawsuit against WeConnect, you are entitled to benefits under a settlement subject to the terms and conditions below.**

**THIS NOTICE AFFECTS YOUR LEGAL RIGHTS. PLEASE READ IT.**

*A Federal Court has authorized this Notice.*

## <u>NOTICE OF COLLECTIVE ACTION SETTLEMENT:</u>

TO:      [Name]
RE:      Settlement of Alleged Overtime Wage Claims

- Brooks Goplin (the Class Representative) brought a Complaint alleging that WeConnect (formerly AEI) violated federal and state law by failing to pay class members for preliminary and postliminary activities that were integral to class members' principal duties, such as time spent loading and unloading vehicles to perform their jobs, and for failing to pay for certain travel time in violation of the Fair Labor Standards Act ("FLSA"). The lawsuit is captioned *Goplin v. WeConnect, Inc.*, Case No. 17-cv-773 and is pending before Judge James Peterson in the United States District Court for the Western District of Wisconsin.

- WeConnect has denied, and continues to deny, the allegations in the Complaint.

- You are receiving this Notice because you previously filed a written consent form to join the collective class certified by the Court. As described in detail below, this Notice concerns your right to participate in a settlement of your claims under the FLSA.

- WeConnect and the Class Representative have agreed to resolve the FLSA claims of all individuals who joined the collective class. This Notice is to inform you about your rights to receive a share of the funds paid by WeConnect to resolve these claims.

- **Assuming the Court approves the Settlement, the gross settlement amount you will receive will be no less than: [insert amount].**

- Your legal rights are affected and you have a choice to make in this action now:

**EXHIBIT B**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | |
|---|---|---|
| **RETURN A CLAIM FORM** | You will be a participating member in the settlement and you will release any FLSA or state law claims asserted in the lawsuit. In order to be eligible to receive payment, however, you must sign and return the attached Claim Form. Upon doing so, you will thereafter receive a gross amount no less than [insert]. | **You need to return the Settlement Claim and Release of Claims Form to receive a settlement payment.** |
| **DO NOTHING** | If you do nothing, you will be unable to participate in the Settlement if you choose this option, but will retain any rights (if any) you may have over the claims in this case, both under the FLSA and Wisconsin law. However, you must file a new action against WeConnect within 60 days and, in order to preserve the statute of limitations for your claim, return a request to be excluded from the settlement. | **To preserve the statute of limitations for your claim, you must submit a written request to be excluded no later than [60 days from notice mailing].** |

## 1.  What is this Notice about?

This Notice is about the lawsuit filed by the Class Representative on October 10, 2017, which alleged WeConnect violated the FLSA and state law by failing to pay overtime wages to Home Entertainment Specialists by not paying them for work performed before arriving at the first customer site or after leaving the last customer site of the workday. WeConnect denies that it violated the law and contends that it properly compensated HES employees for all hours worked. However, solely to avoid the costs of continued litigation, WeConnect has agreed to settle the matter.

## 2.  Why did I get this Notice?

The Court previously certified this case as a collective action and authorized notice to be sent to all Home Entertainment Specialists employed by WeConnect between December 6, 2015 and December 6, 2018. You previously submitted a written consent form to join this action to submit claims under the federal FLSA.

2

**3.  What are the Settlement benefits?**

To settle this case, WeConnect has agreed to pay $350,000 (the "Settlement Fund"). The Settlement Fund will be used to pay collective class members for unpaid wages or overtime wages. In addition, the Settlement Fund will be used to pay Class Counsel's attorneys' fees and out-of-pocket litigation costs paid by Class Counsel for this case. Finally, Class Counsel will request that the Class Representative and collective class members who had their depositions taken in this case be awarded service payments. This is in addition to the individual settlement amounts allotted them.

Settlement amounts for each collective class member have been calculated by Class Counsel by adding approximately 45 minutes to each shift worked during the three-year period prior to the filing of your consent form, and calculating the wages due for hours worked over 40 in a workweek based on your payroll earnings information provided by WeConnect. Assuming the Court approves the Settlement as submitted, each participating collective class member who returns a Settlement Claim and Release of Claims Form ("Claim Form") will receive payment.

**4.  What will I give up if I return the Claim Form?**

If you return a completed Settlement Claim and Release of Claims Form, you shall receive, if the Court approves the Settlement, a portion of the Settlement Fund, after payment of attorneys' fees, costs, and the service payments. This will affect your rights as follows:

> By operation of this Agreement and, except as to such rights or claims as may be created by this Agreement, Class Members who return a completed Settlement Claim and Release of Claims Form irrevocably and unconditionally release and covenant not to sue Defendant, its shareholders, directors, officers, agents, insurers, and employees from any and all past and present wage-related disputes, matters, claims demands, and causes of action of any kind whatsoever whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state, or other applicable law including, but not limited to, claims under Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq., Wis. Stat. §§ 103.02 and/or 103.02, and/or similar state wage and hour laws, regulations, and/or rules that could have been raised prior to April 3, 2019.

**5.  Who is Class Counsel?**

The Court appointed Hawks Quindel, S.C. as Class Counsel. David Zoeller, Caitlin Madden, and Vanessa Kuettel are the attorneys working on this case. They can be reached at: (608) 257-0040.

**6.  How will Class Counsel be paid?**

Class Counsel has pursued this case on a contingent basis and has not received any payment of fees or any reimbursement of their out-of-pocket expenses related to the recovery on behalf of the Class. As part of the Settlement Agreement, Class Counsel will seek recovery of up to one-third

of the total settlement amount, or up to $116,666.66, in addition to their out-of-pocket litigation costs and costs of $10,727.49 from the Settlement Fund. Payment of these attorneys' fees and out-of-pocket litigation costs will be subject to Court approval.

**Please note, these amounts have already been deducted from your settlement share, and the settlement amount listed above will not be subject to any further deductions for attorneys' fees or costs**. If attorneys' fees of less than the requested amount are approved, or if the Court awards less than the requested amount of service payments, the difference between those requested amounts and those approved amounts will be re-allocated to the participating collective class members.

| 7. How do I receive settlement benefits? |
| --- |

You do not have to take part in the settlement. You will only participate in the settlement if you return a Claim Form by [60 days from notice mailing]. Assuming the Court approves the Settlement, you will receive a check in the approximate gross amount of [insert number] and you will release the FLSA and state claims described above, meaning you will give up the right to sue Defendant for those claims.

All Claim Forms and requests to be excluded must be mailed to Hawks Quindel, S.C., P.O. Box 2155, Madison, Wisconsin 53703, or completed and returned electronically. **All Claim Forms and requests for exclusion must be sent by [60 days from notice mailing]**.

**Unless you properly sign and return a Claim Form, you will not be paid any amount through this Settlement.**

**It is illegal for Defendant to take any adverse action against you for participating in the Settlement.**

| 8. What if I do not return a Claim Form? |
| --- |

If you do not timely return a Claim Form, you will be dismissed from this case without prejudice. If you do not timely return a Claim Form but you timely return a written request to be excluded from the Settlement, then you will have 60 days within which to file a subsequent action in order to preserve your consent-based tolling of the statute of limitations. *Should you do so, you will have to represent yourself or hire and pay your own lawyer for that lawsuit and prove your own claims.* Your claim may also be subject to an agreement to arbitrate.

Failure to return a written request to be excluded within this timeline will result in forfeiture of consent-based tolling of the statute of limitations but not necessarily your claim under the FLSA, although it may negatively impact your ability to make any further claim under the FLSA or state law.

4

If you wish to be excluded, you must send in a written request that includes all of the following:

- Your legal name, current address, and telephone number;
- The name and number of this lawsuit: *Goplin v. WeConnect, Inc.*, Case No. 17-cv-773;
- A statement, signed personally by you, stating that you reject your settlement offer and request withdrawal of your FLSA opt-in consent form.

All exclusion requests must be mailed to Hawks Quindel, S.C., P.O. Box 2155, Madison, Wisconsin 53703. **All exclusion requests must be sent by [60 days from notice mailing].**

All exclusion requests must be in writing. You cannot exclude yourself by phone or email. **Unless you properly sign and mail in a written request for exclusion, the statute of limitations on your claim will run against your claim, potentially barring any potential recovery.**

| **9. When will I receive my Settlement checks?** |
|---|

If you return a Settlement Claim and Release of Claims Form, you will receive your settlement amount once the Court has approved the Settlement. Within 60 days of the Settlement becoming final, Class Counsel will mail out your settlement amount.

You will receive two checks. One-half of your settlement amount will be reported as wages for tax purposes, and you will receive an IRS Form W-2. Taxes **will be** withheld from this portion of the settlement amount. One-half of your settlement amount will be payment for liquidated damages and will be reported on an IRS Form 1099. Taxes **will not be** withheld from this portion of the settlement amount. If you accept the settlement, you will be solely responsible for the payment of any local, state, or federal taxes resulting from or attributable to the payments received under the Settlement. You should consult a tax preparer if you have any tax-related questions.

You will have 120 days to cash your settlement checks before your settlement checks are voided. After that date, any uncashed check amounts will revert to the Defendant.

| **10. Are there more details available?** |
|---|

For additional information you may contact Class Counsel by (a) calling Caitlin M. Madden at 608-257-0040, or (b) sending correspondence to Caitlin M. Madden, Hawks Quindel, S.C., P.O. Box 2155, Madison, Wisconsin 53703, cmadden@hq-law.com.

**NO INQUIRIES SHOULD BE DIRECTED TO THE COURT.**

Dated: [insert].                                        BY ORDER OF THE COURT
                                                        Clerk of the Court

Name
Address
City, State & Zip

## SETTLEMENT CLAIM AND RELEASE OF CLAIMS FORM

**You will receive a monetary payment** of not less than [**XXXXX**] if you properly complete this SETTLEMENT CLAIM AND RELEASE OF CLAIMS FORM and timely mail or return it electronically to Attorney Caitlin Madden, Hawks Quindel, S.C., P.O. Box 2155, Madison, Wisconsin 53703, cmadden@hq-law.com ("Class Counsel"). In order to be eligible to receive any monetary portion of the Settlement Fund you MUST sign, date, provide address information, and return the SETTLEMENT CLAIM AND RELEASE OF CLAIMS FORM (below). **The form must be postmarked and/or electronically sent on or before [60 days from the date of mailing].**

If your SETTLEMENT CLAIM AND RELEASE OF CLAIMS FORM is not postmarked and/or electronically sent by [60 days from the date of mailing], you will not be eligible to receive any portion of the Settlement Fund, but you will preserve any legal claims you may have. For more information on the Settlement and your rights, please see the attached NOTICE OF COLLECTIVE ACTION SETTLEMENT ("NOTICE").

By signing, dating, and returning the SETTLEMENT CLAIM AND RELEASE OF CLAIMS FORM, you are confirming the release of claims set forth below (for further information, see NOTICE). The SETTLEMENT CLAIM AND RELEASE OF CLAIMS FORM must be personally filled out by the current or former employee, or someone with a legal right to act on his or her behalf, who seeks to receive a settlement payment.

Be sure to make a copy of the signed form for your records.

## RELEASE OF CLAIMS

The release below includes: all wage and hour claims for current and former WeConnect, Inc. and/or AEI employees who were employed at any time between December 6, 2015 and December 6, 2018.

By signing below, I acknowledge that I was employed by WeConnect, Inc. and/or AEI as a technician and/or home entertainment specialist between December 6, 2015 and December 6, 2018, and that I hereby irrevocably and unconditionally forever and fully release and covenant not to sue WeConnect, Inc. and/or the Released Parties (defined as its owners, shareholders, officers, directors, agents, employees, representatives, insurers, affiliates, benefit plans, plan fiduciaries and/or administrators, and all persons acting by, through, under, or in concert with any of them, including any party that was or could have been named as a defendant in the above-referenced lawsuit), from any and all past and present wage-related matters, claims, demands, and causes of action, of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state, or other applicable law, related to any wage-related disputes and claims, including, but not limited to, those arising for or related to any claims arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et. seq., Wis. Stat. 103.02 and/or 109.03, similar state wage and hour laws, regulations, and/or rules that could have been raised prior to April 3, 2019 (collectively "Released Claims"). I understand and agree that any fee payments approved by the Court will be the full, final, and complete payment of all attorney's fees and costs associated with Class Counsel's

**EXHIBIT C**

representation of those individuals for any wage claims held by me in connection with the Released Claims.

I declare under penalty of perjury that my response on this form is true and correct.

_____

Date

_____

Print Name

_____

Signature

_____

Address

_____

City, State, Zip Code

**<u>**YOU MUST PROVIDE ALL INFORMATION AND RETURN THE FORM**</u>**

This Settlement Claim and Release of Claims Form must be properly completed, signed, and mailed to the Class Counsel at the following address via U.S. mail, and postmarked and/or electronically submitted by [60 days from the date of mailing]: Caitlin M. Madden, Hawks Quindel, S.C., P.O. Box 2155, Madison, Wisconsin 53703, cmadden@hq-law.com.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**BROOKS GOPLIN**,
**DUSTIN BOBB**, and
**ZACHARY OQUIST**,
individually and on behalf
of all others similarly situated,

        Plaintiffs,

                                  Case No. 17-cv-773

  vs.

**WECONNECT, INC.**,

        Defendant.

## FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

## PRELIMINARY STATEMENT

1.    This is a collective action brought by Brooks Goplin, Dustin Bobb, and Zachary Oquist ("Plaintiffs"), on their own behalf and on behalf of the members of the proposed class identified below. Plaintiffs and members of the putative class were employed by WeConnect, Inc. ("Defendant" or "WeConnect") as Satellite/Cable Technicians (also known as Home Entertainment Specialists). The job duties of Plaintiffs and members of the putative class involved driving to client sites to perform installations of WeConnect products. Plaintiffs and members of the putative class were not paid all wages earned for the work they performed. WeConnect failed to compensate Plaintiffs and members of the putative class for time spent performing work at the beginning of their shifts and traveling to work sites after performing

**EXHIBIT D**

those tasks. In addition, WeConnect managers altered time records in order to avoid paying Plaintiffs and members of the putative class overtime wages for hours worked in excess of 40 in a workweek.

## JURISDICTION AND VENUE

2.     This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

3.     Venue is proper in the United States District Court for the Western District of Wisconsin because Plaintiff resides in and performed work in this district out of Defendant's Madison location, and because events giving rise to these claims occurred in this district.

## PARTIES

4.     Plaintiff Brooks Goplin is an adult resident of Westby, Wisconsin. Goplin was employed by WeConnect as a Home Entertainment Specialist from February to September 2017. Goplin has consented in writing to assert claims for unpaid overtime wages under the FLSA. His consent form is filed as dkt. # 1.1.

5.     Plaintiff Dustin Bobb is an adult resident of Boscobel, Wisconsin. Bobb was employed by Alternative Entertainment, Inc. and WeConnect as a Home Entertainment Specialist from January 2015 to October 2017. Bobb has consented in writing to assert claims for unpaid overtime wages under the FLSA. His consent form is filed as dkt. # 4.1.

6.     Plaintiff Zachary Oquist is an adult resident of Lodi, Wisconsin. Oquist was employed by Alternative Entertainment, Inc. and WeConnect as a Home Entertainment Specialist from February 2015 to January 2018. Oquist has consented in writing to assert claims for unpaid overtime wages under the FLSA. His consent form is filed as dkt. # 5.1.

7.     Plaintiffs were "employees" of Defendant within the meaning of 29 U.S.C. § 203(e)(1).

8.     Defendant, WeConnect, Inc., is a domestic business with its principal office at 1085 Parkview Road, Suite B, Green Bay, Wisconsin. Its registered agent is Attorney Brick N. Murphy, 231 South Adams Street, Green Bay, Wisconsin.

9.     Defendant is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

10.    Defendant is an "employer" within the meaning of 29 U.S.C. § 203(d).

## FACTUAL ALLEGATIONS

11.    Throughout the three years preceding the filing of the Complaint (dkt. # 1), Plaintiffs and the putative class members are or were employed by Defendant as Satellite/Cable Technicians or "Home Entertainment Specialists."

12.    Throughout the three years preceding the filing of the Complaint, Plaintiffs and the putative class members were classified by Defendant as non-exempt from overtime wages.

13.    Throughout the three years preceding the filing of the Complaint, Defendant failed to compensate Plaintiffs and the putative class members for time

3

spent performing tasks that were integral and indispensable to their primary duty, such as loading and unloading inventory from work vehicles, traveling to meet with other Home Entertainment Specialists to exchange supplies, and performing vehicle maintenance.

14.    Throughout the three years preceding the filing of the Complaint, Defendant failed to compensate Plaintiffs and the putative class members for travel all in a day's work, when Home Entertainment Specialists were traveling between job sites and/or after performing tasks integral and indispensable to their primary duty.

15.    Throughout the three years preceding the filing of this Complaint, upon information and belief, Defendant altered the time records of Plaintiffs and the putative class members to reduce recorded hours, depriving them of earned regular and overtime wages.

16.    Plaintiffs bring this action on behalf of themselves and on behalf of other similarly-situated employees pursuant to 29 U.S.C. § 216(b). The **Collective Class** of similarly-situated employees is defined as:

> All persons who have been or are employed by WeConnect, Inc. as Satellite/Cable Installers (also called Home Entertainment Specialists) at any time from December 6, 2015 to the present.

## FIRST CLAIM FOR RELIEF:
## FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE
## FAIR LABOR STANDARDS ACT
### (On behalf of the Collective Class)

17.     Plaintiffs, individually and on behalf of the Collective Class, allege and incorporate by reference the allegations in the preceding paragraphs.

18.     The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one-and-one-half times their regular rate of pay for work performed in excess of 40 hours per workweek.

19.     During the applicable statute of limitations, Plaintiffs and members of the Collective Class performed work in excess of 40 hours per week without receiving overtime compensation.

20.     These practices violate the FLSA, including, but not limited to, 29 U.S.C. § 207. Because of these violations, Plaintiffs and members of the Collective Class have suffered a wage loss.

21.     Defendant knew or showed reckless disregard for the fact that it failed to pay Plaintiffs and members of the Collective Class overtime compensation in violation of the FLSA.

## SECOND CLAIM FOR RELIEF:
## FAILURE TO PAY REGULAR AND OVERTIME WAGES IN VIOLATION OF
## WISCONSIN LAW
### (On behalf of Goplin, Oquist, and Bobb)

22.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

23.     The foregoing conduct, as alleged, violates Wis. Stat. § 109.03.

5

24.    At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of Wis. Stat. §§ 103.001(6) and 109.01(2).

25.    At all relevant times, Plaintiffs were Defendant's employees within the meaning of Wis. Stat. §§ 103.001(5) and 109.01(1r).

26.    Wis. Stat. § 109.03(1) requires an employer to pay employees earned wages for hours worked, as defined by Wis. Admin. Code § DWD 272.12.

27.    Wis. Stat. § 103.02 and Wis. Admin. Code § DWD 274.03 require an employer to pay overtime compensation to all non-exempt employees.

28.    Plaintiffs are not exempt from overtime pay requirements under Wisconsin law.

29.    At all relevant times, Defendant has had a policy and practice of failing and refusing to pay Plaintiffs earned regular wages and wages for their hours worked in excess of 40 hours per workweek.

30.    As a result of Defendant's willful failure to pay regular and overtime wages earned and due to Plaintiffs, Defendant has violated Wis. Stat. § 109.03.

31.    Plaintiffs seek recovery of attorneys' fees, costs, and expenses of this action to be paid by Defendant, as provided by Wis. Stat. § 109.03(6).

32.    Plaintiffs seek damages in the amount of the unpaid regular and overtime wages earned and due as provided by Wis. Stat. § 109.03, Wis. Stat. § 103.02, and Wis. Admin. Code § DWD 274.03, and any penalties due under Wis. Stat. § 109.11 as well as such other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems just and proper.

6

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all members of the Collective Class, request the following relief:

A.      An order designating this action as a collective action on behalf of the Collective Class and directing issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly-situated individuals;

B.      An order designating Goplin as the Named Plaintiff;

C.      Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

D.      An order finding that WeConnect violated the FLSA and Wisconsin wage and hour law;

E.      An order finding that these violations were willful;

F.      Judgment against WeConnect in the amount equal to the Plaintiffs' and the Collective Class's unpaid back wages at the applicable overtime rate;

G.      Judgment against WeConnect in the amount equal to the Plaintiffs' unpaid back wages under Wisconsin law at the applicable regular and overtime rates;

H.      An award in the amount of all liquidated damages and penalties as provided under Wisconsin Law and the FLSA;

I.      An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims;

J.      Leave to amend the First Amended Complaint to add additional claims; and

K.      Such further relief as the Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury.


Respectfully submitted this 20th day of September, 2019.


Attorneys for the Plaintiffs


By:    */s/David C. Zoeller*
**HAWKS QUINDEL, S.C.**
David C. Zoeller, State Bar No. 1052017
Email: dzoeller@hq-law.com
Caitlin M. Madden, State Bar No. 1089238
Email: cmadden@hq-law.com
Post Office Box 2155
Madison, Wisconsin 53701-2155
Telephone: (608) 257-0040
Facsimile: (608) 256-0236